IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adarius Quante Dennis,                    )<br>                                                    )<br>            Petitioner,              )<br>                                                    )<br>vs.                                            )<br>                                                    )<br>Warden Cartledge,                         )<br>                                                    )<br>            Respondent.           )<br>_____ ) | C/A No. 0:14-4637-TMC-PJG<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Adarius Quante Dennis, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 23.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Dennis was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 25.) Dennis filed a response in opposition to the respondent's motion. (ECF No. 29.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Dennis's Petition denied.

**BACKGROUND**

Dennis was indicted in October 2008 in Oconee County for armed robbery (2008-GS-37-1590). (App. at 327-28, ECF No. 24-2 at 130-31.) Dennis was represented by Suzanne Earle, Esquire, and on June 24, 2009 was tried, in his absence, before a jury and found guilty as charged.[1]

---

[1] Dennis absconded after jury selection.



The circuit court sentenced Dennis in his absence. The sentence was unsealed on August 31, 2009 revealing a sentence of twenty-three years' imprisonment. (App. at 204-05, ECF No. 24-2 at 7-8.)

Dennis filed a direct appeal, but his conviction and sentence was affirmed by the South Carolina Court of Appeals. Dennis then filed an application for post-conviction relief ("PCR"). The state circuit court denied Dennis's PCR application. Dennis petitioned the South Carolina Supreme Court for a writ of certiorari, which was denied. This action followed.

## FEDERAL HABEAS ISSUES

Having exhausted his state remedies, Dennis asserts the following issues in the instant petition for a writ of habeas corpus:

> **Ground One:** Trial counsel ineffective for not adequately cross examining the co-defendant[.]
> **Supporting Facts:** Trial counsel ineffective for failing to adequately cross examine state witness violating my 6th Amendment right confrontation clause. Whether trial counsel was ineffective for failing to attack witness credibility after witness recanted and changed testimony under oath.
>
> **Ground Two:** Trial counsel ineffective for not fully explaining sentencing guidelines/plea agreement.
> **Supporting Facts:** Trial counsel ineffective for not fully explaining to me the approximate time i would serve on the ten years non-violent plea offer from the state.

(Pet., ECF No. 1) (errors in original).

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible



evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly



established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 582 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not



require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Summary Judgment Motion**

    **1.     Ineffective Assistance of Counsel Generally**

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of



Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court, which may provide reasons or theories that the appellate court could have relied upon in summarily denying Dennis's petition. Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts.

### 2.     Ground One: Inadequate Cross-Examination

Dennis first alleges that trial counsel was ineffective for not adequately cross-examining the state's witness, Devirio Manley, regarding testimony he gave about Dennis's knowledge of the use of weapons during the commission of the offense. (Pet., ECF No. 1 at 6.) Dennis maintains that



Manley was the central witness in the case and the failure to impeach him was highly prejudicial. (Petr.'s Resp. Opp'n Summ. J., ECF No. 29 at 12.) Dennis argues that the state court's decision on this issue was objectively unreasonable in light of the evidence presented to the PCR court. (Id. at 13.)

### a. Relevant Trial Court Testimony

Trial counsel interviewed Manley at the detention center prior to trial. (App. at 282, ECF No. 24-2 at 85.) Initially, counsel believed Manley would serve as a defense witness and testify that Dennis had "no knowledge of guns whatsoever." (Id. at 86.) Manley recanted his testimony prior to trial. Manley informed counsel that he had lied at the jail and he was going to tell the truth when he testified under oath in court. (Id. at 87.)

At trial, on direct examination, Manley testified, in part:

Q. Back on June 22nd or thereabouts, the days prior to that, were you and [Dennis] and Drec discussing robbing Mr. Robinson?
A. Yes, Sir.
Q. Okay. What did you all decide to do?
A. We decided to call him up and have him come over to the spot and rob him.
Q. Okay. And how were y'all gonna do that?
A. With a gun.

(App. at 130, ECF No. 24-1 at 133.) Manley further testified that Dennis called the victim to arrange the meeting (under the guise that he was interested in buying shoes), and that Dennis was present at the scene where he greeted and talked to the victim. Manley explained that he came from behind the house and pistol whipped and wrestled the victim, during which time Dennis and Drec left with boxes of shoes. (Id. at 134-36.) On cross-examination, Dennis's trial counsel did not question Manley on why his story changed.



      b.      **PCR Hearing and Decision**

During the PCR hearing, the court questioned counsel on her decision not to ask Manley why he previously stated that Dennis had no knowledge of weapons. (App. at 283, ECF No. 24-2 at 86-87.) Counsel acknowledged that her whole case centered around the presence of a gun (if there was no gun, the offense was larceny; if there was gun, it was armed robbery). Counsel explained that because the gun was only briefly mentioned on direct examination, and because Manley made a statement that Dennis knew about the gun, she decided that she did not want to emphasize this fact to the jury. (Id. at 87.) Counsel told the PCR court that she was not comfortable pushing Manley any harder since Dennis absconded and was not present to deny Manley's testimony. (Id.)

The PCR court concluded that Dennis failed to show that counsel was ineffective for her performance in cross-examining Manley. (App. at 319, ECF No. 24-2 at 122.) The court explained:

> [T]rial counsel's decision not to cross-examine Manley on his inconsistent statements for impeachment purposes was a product of sound trial strategy. [Dennis] failed to provide trial counsel a consistent version of the facts of the offense. [Dennis] initially claimed he was not present in Anderson at the time of the offense. Although [Dennis] conveyed to trial counsel that his story may be false, [Dennis] waivered [*sic*] on whether he was present at the scene of the offense. [Dennis's] decision to ignore the trial judge's order to be present at his trial further exacerbated trial counsel's dilemma in presenting a defense. As a result, trial counsel made the strategic decision to limit her cross-examination of Manley. Trial counsel stated that because [Dennis] was not present to testify and deny Manley's statements, she feared further harmful testimony from the witness that could not be refuted.

(Id. at 123.) The PCR court found trial counsel's testimony credible and determined that trial counsel's strategy was valid. Consequently, the court denied and dismissed Dennis's claim.

      c.      **Discussion**

As an initial matter, in denying and dismissing Dennis's application, the PCR court found the trial counsel's testimony credible and Dennis's testimony not credible. (App. at 316, ECF No. 24-2 at 119.) Dennis's response in opposition to the respondent's motion for summary judgment



does not challenge the PCR court's credibility finding.  See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).

Further, the PCR court reasonably found that trial counsel's "decision not to cross-examine Manley on his inconsistent statements for impeachment purposes was a product of sound trial strategy."  (App. at 320, ECF No. 24-2 at 123.)  Because a trial counsel's strategic decisions fall " 'within the wide range of reasonable professional assistance,' " United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (quoting Strickland, 466 U.S. at 689), it is not an unreasonable application of Strickland to deem strategically valid counsel's decision in this case not to cross-examine Manley on his prior inconsistent statements made before he was placed under oath.  Counsel limited her cross-examination, not knowing what Manley would state and fearing harmful testimony could result.  Because Dennis absconded, he was not present to counter Manley's testimony.  The decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, and tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel.  Strickland, 466 U.S. at 689.

Upon thorough review of the parties' briefs and the record in this matter, the court finds the PCR court's analysis to be reasonable and concludes that Dennis cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings.  See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1).  Thus, Dennis cannot show "there was no reasonable basis" for the state appellate court to deny relief.  Harrington, 532 U.S. at 98.  As



observed by the Harrington court, "[t]he pivotal question is whether a state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101. Accordingly, the respondent's motion for summary judgment should be granted as to Ground One.

### 3.     Ground Two:  Plea Offer Advice

In Ground Two, Dennis asserts that trial counsel was ineffective in failing to explain the sentencing guidelines and plea agreement. (Pet., ECF No. 1 at 8.) Specifically, Dennis alleges that trial counsel was ineffective for failing to fully explain the approximate time he would serve on the ten-year non-violent plea offer from the state. (Id.)

#### a.     PCR Hearing and Decision

At the PCR hearing, both Dennis and trial counsel testified regarding the plea offer. Dennis testified that counsel communicated the "ten-year non-violent" plea to him, but that counsel failed to explain that "he would really go do like four and a half and [g]o home." (App. at 236, ECF No. 24-2 at 39.) Dennis testified that he refused to accept the plea because he had nothing to do with the robbery. (Id. at 38.) Counsel testified that she communicated the state's plea offer of ten years to her client. She further explained that she informed her client of the recommended sentence but that she did not tell her client how much time he would actually serve because time calculations are within the discretion of the Department of Corrections. (Id. at 81.)

The PCR court determined that Dennis failed to prove that trial counsel was ineffective for failing to advise her client on the terms of the guilty plea offer. (App. at 318, ECF No. 24-2 at 121.) First, the court found trial counsel's testimony credible and Dennis's testimony not credible. (Id.) Next, the court explained: "[C]ounsel adequately advised [Dennis] on the terms and applicable punishment of the solicitor's guilty plea offer. Trial counsel provided sound advice regarding



[Dennis's] exposure for incarceration. Trial counsel also provided sound advice regarding the strength of the State's evidence." (Id.) Because Dennis protested his innocence, the court found that he failed to present any credible testimony that indicated he desired to plead guilty. (Id. at 122.)

      **b.**      **Discussion**

The Sixth Amendment right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012). The United States Supreme Court has held that "defendants are entitled to the effective assistance of competent counsel" during plea negotiations. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (internal quotation marks omitted). As explained in Hill v. Lockhart, 474 U.S. 52, 57 (1985), the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), governs ineffective assistance claims involving the plea process. Under the two-part test set forth in Strickland, petitioners must show (1) that trial counsel's performance fell below an objective standard of reasonableness and (2) that he was prejudiced by counsel's alleged deficient performance. Id. at 669. Under the performance prong, courts " 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' in order to avoid 'the distorting effects of hindsight.' " Yarbrough v. Johnson, 520 F.3d 329, 337 (4th Cir. 2008) (quoting Strickland, 466 U.S. at 689). To prove prejudice, petitioners must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.

Regarding plea offers, the Supreme Court has held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri, 132 S. Ct. at 1408. However, even if defense counsel is deficient, a petitioner must still demonstrate prejudice. "When an ineffective



assistance claim arises in the plea context, the Supreme Court has said that the Strickland prejudice inquiry focuses on 'whether counsel's constitutionally ineffective performance affected the outcome of the plea process.' " Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013) (quoting Hill, 474 U.S. at 59). "To show prejudice from ineffective assistance of counsel in a case involving a plea offer, petitioners must demonstrate a reasonable probability that (1) 'they would have accepted the earlier plea offer had they been afforded effective assistance of counsel,' and (2) 'the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." Id. at 366 (citing Frye, 132 S. Ct. at 1409; Lafler, 132 S. Ct. at 1385). To demonstrate a reasonable probability that he would have accepted a plea, a petitioner's testimony that he would have done so must be credible. Id. at 366-67.

In the case at bar, it is not contested that counsel presented the ten-year plea offer to her client. Dennis argues that counsel was ineffective for failing to inform him that he could receive good-time credit on his sentence if he accepted a plea, and according to Dennis, such good-time credit would have reduced his sentence to approximately four years. Dennis's claim is without merit because he has failed to failed to demonstrate that the state court's determination that his testimony was not credible that he would have accepted the plea resulted in an unreasonable determination of the facts in light of the evidence presented in state court. The PCR court found the trial counsel's testimony was credible and that Dennis lacked credibility. (App. at 318, ECF No. 24-2 at 121.) This court is limited in its review of such credibility determinations by a state court. See Elmore, 661 F.3d at 850 ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear' ") (quoting Sharpe, 593 F.3d at 378 and Cagle, 520 F.3d at 324). The record reflects that Dennis insisted to counsel that he was not present at the armed robbery and had an alibi. Dennis

PJG

testified at the PCR hearing that he declined the ten-year plea offer because he maintained he was innocent. Given these facts, it was reasonable for the for the PCR court to find that Dennis had not shown his attorney was deficient under Strickland. Moreover, Dennis has failed to demonstrate prejudice under Strickland because his testimony precludes a finding that he intended to plead guilty prior to the alleged error by counsel. To obtain relief here, Dennis must credibly demonstrate a reasonable probability that he would have accepted the plea. Merzbacher, 706 F.3d at 366-67. The record does not support such a finding.

Upon thorough review of the parties' briefs and the record in this matter, the court finds that Dennis cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the United States Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). Dennis cannot show "there was no reasonable basis" for the state court to deny relief. Harrington, 562 U.S. at 98. Consequently, the respondent's motion for summary judgment should be granted as to Ground Two.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 23) be granted and Dennis's Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 2, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
>  United States District Court
>  901 Richland Street
>  Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).