IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Adarius Quante Dennis, | ) | |
| | ) | C/A No. 0:14-4637-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner Adarius Quante Dennis' ("Dennis") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On December 2, 2015, Magistrate Judge Paige J. Gossett filed a Report and Recommendation recommending Respondent's motion for summary judgment (ECF No. 23) be granted and the petition denied. (ECF No. 32). On January 8, 2016, Dennis timely filed objections to the Report (ECF No. 42).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a

timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background/Procedural History

Renaldo Robinson ("Victim") bought tennis shoes in bulk and sold them to individuals and at flea markets. He had previously sold shoes on several occasions to Dennis, who he knew by the name "Hawk." On June 23, 2008, Dennis called Victim and told him he was interested in buying more shoes, and they arranged a meeting outside of a home. Victim arrived at the house with his four-year-old daughter and meet Dennis outside by Victim's car. While Victim was showing Dennis some shoes, co-defendant Devirio Manley and his brother came from around the home and confronted Victim with a handgun. Manly pistol whipped the Victim and he fell into the car where a struggle over the gun ensued. While Victim was fighting with Manly, several large boxes of tennis shoes were removed from Victim's vehicle. Victim managed to escaped, but suffered severe lacerations to his head which required staples.

In October 2008, Dennis was indicted for armed robbery, and in June 2009, he was tried in abstenia before a jury.[1] Manley pled guilty to armed robbery prior to Dennis' trial and testified for the prosecution at Dennis' trial. Dennis was convicted of armed robbery and sentenced to twenty-three years imprisonment. Dennis filed a direct appeal and the South Carolina Court of Appeals affirmed his sentence and conviction. Dennis then filed an application for post-conviction relief ("PCR"), which the PCR court denied. Dennis filed a petition for a writ of certiorari to review the denial of PCR, but the South Carolina Supreme Court denied the petition.

---

[1] Dennis was present during jury selection. However, despite being warned that he could be tried in his absence, Dennis did not show up for the start of the trial the following day.

Dennis then filed this petition for habeas relief raising two grounds for relief:

> **Ground One:** Trial counsel ineffective for not adequately cross examining the codefendant[.]
>
> **Supporting Facts:** Trial counsel ineffective for failing to adequately cross examine state witness violating my 6th Amendment right confrontation clause. Whether trial counsel was ineffective for failing to attack witness credibility after witness recanted and changed testimony under oath.
>
> **Ground Two:** Trial counsel ineffective for not fully explaining sentencing guidelines/plea agreement.
>
> **Supporting Facts:** Trial counsel ineffective for not fully explaining to me the approximate time I would serve on the ten years non-violent plea offer from the state.

(Pet. at 6 and 8, ECF No. 1 at 6 and 8).

## II. Discussion

In his first ground for relief, Dennis alleges that trial counsel was ineffective for not adequately cross-examining Manley regarding testimony he gave about whether Dennis knew a gun was going to be involved during the robbery. Prior to trial, trial counsel interviewed Manley at the detention center and, based on this interview, she believed Manley would testify as a defense witness that Dennis had no knowledge of a gun. However, Manley later recanted and told trial counsel that he had lied at the jail and he was going to tell the truth when he testified in court. At trial, on direct examination, Manley testified that Dennis called Victim to arrange the meeting and Dennis and the co-defendants had discussed that they were going to rob Victim with a gun. Dennis contends that trial counsel should have cross-examined Manly on the inconsistencies between his prior recanted statement and his trial testimony.

During the PCR hearing, trial counsel explained that because the gun was only briefly mentioned on direct examination, and because Manley made a statement that Dennis knew about

the gun, she decided that she did not want to emphasize this fact to the jury. Further, trial counsel testified that she was not comfortable pushing Manley any harder since Dennis absconded and was not present to contradict Manley's testimony.

The PCR court found trial counsel credible and concluded that trial counsel's decision not to cross-examine Manly on his inconsistent statements was a strategic choice, which is entitled to a "strong presumption" of reasonable professional assistance. (ECF No. 24-2 at 123). The PCR court noted that Dennis had initially claimed he was not present during the robbery and, although he subsequently let trial counsel know that this may not be true, Dennis continued to waiver on whether he was present and Dennis' absence from the trial further exacerbated trial counsel's ability to present a defense. *Id*.

In her Report, the magistrate judge found that the PCR court did not unreasonably apply clearly established federal law or make objectively unreasonable factual findings in denying Dennis PCR in regard to either claim. (Report at 9 and 13). In his objections, Dennis contends that the magistrate judge erred in finding trial counsel's decision not to cross-examine Manly was trial strategy. He contends that Manly's testimony was very damaging and, with his absence from the trial, trial counsel's failure to cross-examine Manly violated his rights under the Confrontation Clause. (Objections at 2-3).

Dennis' ineffective assistance of counsel claims are governed by the holding in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. *Id.* at 687. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable

4

professional assistance. *Id.* at 689. Moreover, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* (*quoting Michel v. Louisiana*, 350 U.S. 91, 101(1955)).

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland,* 466 U.S. at 690-91. Trial counsel testified at the PCR hearing that she did not cross-examine Manly because she was afraid more harmful testimony might result from it and Dennis' absence meant he would not be able to contradict Manly's testimony. As the magistrate judge found, the state PCR court's adjudication was neither contrary to nor involved an unreasonable application of clearly established federal law. Accordingly, Dennis' claim of ineffective assistance of trial counsel fails. *See* 28 U.S.C. § 2254(d).

In his objection, Dennis also contends that the magistrate failed to apply the "substantial and injurious' effect standard set forth in *Brecht v. Abramason*, 507 U.S. 2321 (2007). (Objections at 3). He argues that trial counsel's failure to cross-examine Manly on inconsistent statements had a substantial and injurious effect on the jury's verdict because credibility was the key issue in the case. (*Id*. at 4).[2] The court overrules this objection.

Under *Brecht*, federal habeas petitioners "are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.' " *Brecht*, 507 U.S. at 637. Dennis' alleges a claim of ineffective assistance of counsel. As noted above, claims that trial counsel provided ineffective assistance are governed by the familiar two-pronged test set forth in

---

[2]The court notes that Dennis does not raise any objections in regard to the magistrate judge's recommendation on the second claim.

5

*Strickland*. *See Randolph v. Bodison*, C/A No. 3:10-162-RBH, 2010 WL 5139085 (D.S.C. Dec. 9, 2010). In her Report, the magistrate judge properly set forth the *Strickland* standard, and applied the correct standard to Dennis' ineffective assistance of counsel claim.

### III. Conclusion

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Accordingly, Respondent's Motion for Summary Judgment (ECF No. 23) is **GRANTED**; and the petition is **DENIED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 2, 2016