IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Adarius Quante Dennis, | ) | |
| | ) | C/A No. 0:14-4637-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on remand from the United States Court of Appeals for the Fourth Circuit to determine whether Petitioner Adarius Quante Dennis ("Dennis") is entitled to an extension of time to properly file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). For the reasons set forth below, it is the court's determination that Dennis has demonstrated excusable neglect or good cause and is entitled to an extension under Rule 4(a)(5)(A).

A state prisoner in a federal habeas proceeding against state prison officials has thirty days following the entry of the district court's final judgment or order in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). However, a district court may extend the time to file a notice of appeal if a party moves for an extension of time to appeal within thirty days after the expiration of the original appeal period and demonstrates excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A); *Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989).

Dennis is a state prisoner currently housed at Perry Correctional Institute. On December 8,

2014, Dennis filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On February 2, 2016, this court adopted United States Magistrate Judge Paige J. Gossett's Report and Recommendation (ECF No. 32) and granted Defendant's Motion for Summary Judgment and denied Dennis' habeas petition with prejudice. (ECF No. 47).

Dennis filed a notice of appeal on March 21, 2016, after the expiration of the thirty-day appeal period but within the excusable neglect period.[1] On September 23, 2016, the Fourth Circuit Court of Appeals remanded the case back to this court for the limited purpose of determining whether Dennis has demonstrated excusable neglect or good cause warranting an extension of the thirty-day appeal period. *Dennis v. Cartledge*, No.16-6430 (4th Cir. Sept. 23, 2016) (ECF No. 55). The Court noted that in his Notice of Appeal, Dennis stated reasons for his delay and arguably requested an extension of the period to file the notice of appeal. *Id.*

Accordingly, the court construes Dennis' notice of appeal as a request for an extension of time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). Rule 4 provides that a district court "may extend the time to file a notice of appeal if: (1) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (2) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). No extension under "Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(c).

---

[1] Petitioner did not date his Notice of Appeal. (ECF No. 50). However, the envelope containing Petitioner's Notice of Appeal was stamped by the Perry Correctional Institution Mailroom as having been received on March 21, 2016. (ECF No. 50-1). A pro se prisoner's notice of appeal is filed when the prisoner delivers it to prison authorities for forwarding to the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

The "advisory committee notes to the rule make clear that the 'good cause' standard, which was added to the rule in 1979, is only applicable to motions for extension of time filed within the initial thirty-day period following the entry of judgment." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 532 (4th Cir. 1996) (emphasis added). Therefore, because Dennis filed his notice of appeal, construed as a motion for extension of time, in excess of thirty days after the entry of judgment, the court must determine whether to grant an extension under the more stringent standard of "excusable neglect."

In his Notice of Appeal, Dennis states that he was placed in lock-up the day after he received the Order dismissing his Petition, and he was not allowed his legal materials or property in lock-up. (ECF No. 50 at 1). He states he was returned to general population the day before he filed his Notice of Appeal. *Id.* The court takes judicial notice that Dennis was in disciplinary detention for 39 days beginning February 10, 2016. *See* South Carolina Department of Corrections - Inmate Search, https://public.doc.state.sc.us/scdc-public (last visited September 26, 2016).[2]

The court finds that Dennis has demonstrated excusable neglect or good cause to warrant an extension of time. Dennis states that he was placed in "lock-up" without his legal materials during the period in which the appeal period expired. Further, the court notes it appears that within a day or two of being released from lock-up, Dennis filed his Notice of Appeal. Therefore, the court finds Dennis' explanation sufficient to rise to the level of good cause or excusable neglect to relieve him of his duty to comply with the time limit of Rule 4(a)(1). Accordingly, the

---

[2]This Court may take judicial notice of a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed.R.Evid. 201(b)(2). *See also Williams v. Long*, 585 F.Supp.2d 679, 686-88 & n. 4 (D.Md. 2008) (collecting cases indicating that postings on government Web sites are inherently authentic or self-authenticating).

court will extend the deadline by which he may appeal pursuant to Rule 4(a)(5)(A).

**IT IS SO ORDERED.**

                s/Timothy M. Cain
                United States District Judge

Anderson, South Carolina
October 7, 2016